State *v.* Gregory.

# SUPREME COURT OF ERRORS.

## HELD AT BRIDGEPORT FOR THE COUNTY OF FAIRFIELD,

### ON THE FOURTH TUESDAY OF OCTOBER, 1879.

Present,

CARPENTER, LOOMIS, GRANGER, AND CULVER, JS.*

THE STATE *vs.* GILES GREGORY, JR.

The statute forbids the keeping open between twelve o'clock on Saturday night and twelve o'clock on the Sunday night following, of any place where it is reputed that intoxicating liquors are exposed for sale. In a prosecution for a violation of this statute, in which it was claimed by the defendant that the place was a dining saloon in which a number of boarders regularly took their meals, and that it was kept open on the Sunday in question solely for the purpose of furnishing them their meals, the court charged the jury that if the place was one in which it was reputed that intoxicating liquors were exposed for sale, it must nevertheless be closed. Held to be error.

The statute was not designed to prevent inn and boarding-house keepers, engaged in the liquor traffic, from supplying the ordinary meals to regular boarders on that day.

COMPLAINT for keeping open, between the hours of twelve o'clock on Saturday night and twelve o'clock on the Sunday night following, of a place in which it was reputed that intoxicating liquors were exposed for sale; brought by appeal to the Superior Court in Fairfield County and tried to the jury on the plea of not guilty before *Hitchcock, J.* Verdict "guilty," and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*H. H. Barbour,* in support of the motion.

*J. H. Olmstead,* State's Attorney, contra.

* Judge CULVER of the Superior Court was called in to sit, two of the Supreme Court judges being absent.

State *v.* Gregory.

CARPENTER, J.   A statute of this state provides that every person who, between the hours of twelve o'clock Saturday night and twelve o'clock Sunday night next following, shall keep open any room, &c., in which it is reputed that intoxicating liquors are exposed for sale, shall be fined forty dollars. The defendant was prosecuted for a violation of that act.

On the trial to the jury the counsel for the accused claimed to have proved that the room in the complaint referred to, was in fact occupied by the accused as a dining saloon in which a number of persons who boarded with him had their meals furnished to them every day in the week, and that the saloon was open on the Sunday in question for the purpose of furnishing such meals and for no other purpose.

The court charged the jury, against the defendant's claim, that "if the room was ordinarily used for any other purpose or business, no matter what, if at the same time it was a place in which it was reputed that intoxicating liquors were exposed for sale, it must be closed between those hours; no matter what other ordinary business it might be desired to carry on there."

This charge may accord with the strict letter of the law, but it is clearly contrary to its spirit, and therefore erroneous.

The statute was not designed to prevent innkeepers and boarding-house keepers, who were engaged in the liquor traffic, from supplying the ordinary meals to regular boarders on that day.

The jury must have understood from the charge that the accused was guilty of a crime even though he did no more than to supply his boarders with their ordinary meals, and that it was not necessary either to keep the room open for traffic in spirituous liquors or as a place of public resort. We think the charge was contrary to the true meaning of the statute.

A new trial is advised.

In this opinion the other judges concurred.